**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

Nos. 95-10274, 95-10275, 95-10304, 95-10305
Consolidated

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TOMMY ROSS ANDERSON, SARAH JANE ANDERSON,
JERRY WAYNE TILLEY, and SUSAN WELLS TILLEY,

Defendants-Appellants.

---

Appeals from the United States District Court
For the Northern District of Texas
(3:92-CR-417-G)

---

July 24, 1996

Before HIGGINBOTHAM, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Tommy Ross Anderson, Sarah Jane Anderson, Jerry Wayne Tilley
and Susan Wells Tilley raise double jeopardy claims regarding their
drug convictions and related forfeitures. We affirm.

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Beginning in 1986, Tommy and Sarah Anderson, along with Jerry and Susan Tilley, engaged in the distribution and sale of large quantities of marijuana. The marijuana was stored at various locations including the Andersons' home and the Tilleys' home, both in Dallas.

On July 25, 1991, the Government filed *in rem* a complaint for forfeiture of property belonging to the Tilleys pursuant to 21 U.S.C. § 881(a)(6) and (7). On January 13, 1992, the Government amended the complaint to include property owned by the Andersons. The complaint alleged that the various pieces of property were subject to forfeiture because they were used to facilitate drug trafficking, were proceeds from the sale of drugs, or were traceable to such proceeds. The Andersons answered and filed a claim for seized property. The Andersons and Tilleys subsequently entered into a Stipulated Forfeiture of certain personal and real property. The stipulation further provided for the release and return to the Andersons and Tilleys of other property. The district court accordingly entered an order forfeiting the specified properties on February 9, 1993. The district court stayed the forfeiture proceedings with respect to the defendants' homes pending the outcome of the criminal trial.

Contemporaneously with the forfeiture proceedings, on October 8, 1992, the Andersons and Tilleys were indicted on various drug offenses. The indictment was based on the same acts that gave rise to the civil forfeiture proceeding. On April 7, 1993, the

Andersons and Tilleys moved to dismiss the indictment on the grounds of double jeopardy, alleging that the civil forfeiture proceeding had already punished them for the drug trafficking. The district court denied the motion to dismiss. On interlocutory appeal, we affirmed the denial of the motion to dismiss in *United States v. Tilley*, 18 F.3d 295 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 574 (1994).

Pursuant to a plea agreement, the Appellants moved to withdraw their claims to their residences. In addition, the plea agreement provided that they preserved their right to further appeal their double jeopardy claim. The district court granted the Appellants' motion to withdraw their claims in the forfeiture proceeding and entered the corresponding order on January 17, 1995. Final judgments of conviction and sentence were entered as to all Appellants on March 14, 1995.

On March 16, 1995, the Government moved for final judgment of forfeiture of the Andersons' and Tilleys' respective residences, which the district court granted.

DISCUSSION

It is unclear from the record which provision, § 881(a)(6) or § 881(a)(7), the government used to seize the Appellants' properties. The appellants assert that civil forfeitures pursuant to either § 881(a)(6) or § 881(a)(7) constitute punishment for the purpose of double jeopardy. Under our prior decision in *United States v. Tilley*, property forfeited under § 881(a)(6) as drug proceeds does not constitute punishment. *Id.* at 299. Subsequent

3

to oral argument in these cases, the Supreme Court resolved any remaining uncertainty about the double jeopardy implications of civil forfeiture: "These civil forfeitures [pursuant to § 881(a)(7)] (and civil forfeitures generally), we hold, do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *United States v. Ursery,* 1996 WL 340815 (U.S.)(1996). We find that *Ursery* controls this case, and therefore affirm the judgments and sentences.

AFFIRMED.